UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BERGER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 24-cv-02060-HSG<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 28 |

    Pending before the Court is a motion for summary judgment filed by Defendant State Farm General Insurance Company. Dkt. No. 28. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion for summary judgment.

    Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

    Here, however, the parties' briefs make clear that there is at least one factual dispute that precludes summary judgment. Specifically, the parties dispute whether wind-driven rain from

storms was the cause of damage to Plaintiff's home in Pebble Beach such that it is covered by the State Farm insurance policy. Dkt. No. 28 at 18–22; Dkt. No. 29 at 8–20. Relatedly, the parties dispute whether Defendant acted unreasonably in withholding benefits under such circumstances and whether punitive damages are appropriate. *See* Dkt. No. 28 at 22–25; Dkt. No. 29 at 21–24. The parties offer competing expert opinions and appear to invite the Court to weigh the evidence now.[1] *Compare* Dkt. No. 28-3 and Dkt. No. 28-4, *with* Dkt. No. 29-2. This is improper, and the motion for summary judgment is **DENIED**.

The Court understands that the parties participated in a full-day mediation in January, but were unable to settle. Dkt. No. 27. Given the current posture of the case, the parties are **DIRECTED** to meet and confer and file a status report of no more than two pages by March 17, 2025, addressing whether they prefer to (1) return for another session with the mediator; or (2) participate in a settlement conference with a magistrate judge. The Court will require the parties to follow one of these two courses. The case schedule, Dkt. No. 20, otherwise remains in place.

**IT IS SO ORDERED.**

Dated:   3/4/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] To the extent Plaintiffs filed separate evidentiary objections in opposition to the motion for summary judgment, Dkt. No. 30, this was improper. Under the Local Rules, "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum." *See* Civil L.R. 7-3(a). Plaintiffs' Objection to Reply Evidence, Dkt. No. 33, also exceeds the 5-page limit permitted under Civil L.R. 7-3(d)(1). Plaintiffs cannot circumvent this page limit by attaching a declaration and additional exhibits to its objections. The Court therefore **STRIKES** Dkt. No. 30 and Dkt. No. 33 from the docket. The Court cautions Plaintiffs that moving forward, the Court expects them to fully comply with the Local Rules.